TOMMY EDWARD HUGHES, BY HIS NEXT FRIEND, C. E. HUGHES, v.
DONALD WAYNE VESTAL.

(Filed 2 November, 1966.)

APPEAL by defendant from *Lupton, J.,* March-April 1966 Civil Session of DAVIDSON.

Action and cross action growing out of a collision of automobiles. The issues submitted, and the jury's answers to the first, second and third issues, are as follows: "1. Was the plaintiff injured by

the negligence of the defendant as alleged in the complaint? AN-SWER: Yes. 2. Did the plaintiff contribute to his injuries by his own negligence as alleged in the Answer? ANSWER: No. 3. What amount of damages, if any, is plaintiff entitled to recover of the defendant? ANSWER: $4,000.00. 4. Was the defendant's property damaged by the negligence of the plaintiff as alleged in the counterclaim? ANSWER: ......... 5. What amount of damages, if any, is the defendant entitled to recover of the plaintiff? ANSWER: ........." Judgment that plaintiff recover from defendant the sum of $4,000.00 and costs was entered. Defendant excepted and appealed.

*Walser, Brinkley, Walser & McGirt for plaintiff appellee.*
*Jordan, Wright, Henson & Nichols; Hubert E. Olive, Jr; and Edward Murrelle for defendant appellant.*

PER CURIAM. At Spring Term 1965, this case was before us on cross appeals by plaintiff and defendant. *Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361. On the plaintiff's appeal, the plaintiff was awarded a new trial against defendant Donald Wayne Vestal. On the defendant's appeal, the judgment nonsuiting the cross action of defendant Donald Wayne Vestal was reversed. The action against defendant Paul Davis Vestal having been nonsuited at the first trial, and no appeal having been taken therefrom, the second trial was between plaintiff and defendant Donald Wayne Vestal.

Evidence offered in behalf of plaintiff and defendant, respectively, at the second trial, was substantially in accord with that offered in the first trial and summarized in the opinion of Moore, J., to which reference is made. Upon conflicting evidence, the jury answered the issues in favor of plaintiff.

The assignments of error brought forward and discussed in defendant's brief relate to the denial of defendant's motion for judgment of nonsuit and to asserted errors in the charge to the jury.

As to nonsuit, defendant contends plaintiff was guilty of contributory negligence as a matter of law. "The rule is well settled that involuntary nonsuit on the ground of the contributory negligence of the plaintiff may be allowed only when the plaintiff's evidence, considered in the light most favorable for him, establishes his own negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom." *Samuels v. Bowers,* 232 N.C. 149, 59 S.E. 2d 787. When the evidence is considered in the light most favorable to plaintiff, we are of opinion the issues of negligence and of contributory negligence were properly submitted to the jury for determination. Conceding there may be technical error in the charge, the matters referred to

in defendant's assignments are not considered of such prejudicial nature as to warrant a new trial. Hence, the verdict and judgment will not be disturbed.

No error.