ANDREW CROSBY v. FANNIE W. CROSBY.

(Filed 12 June 1968.)

**Appeal and Error § 41—**

Where appellant caused to be filed with the clerk a stenographic transcript of the evidence in the trial tribunal, the failure to provide an appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof" subjects the appeal to dismissal by the Court of Appeals *ex mero motu.* Court of Appeals Rule No. 19(d)(2).

APPEAL by defendant from order of *Johnston, J.,* dated 8 March 1968, FORSYTH Superior Court.

This case began as a civil action for absolute divorce on ground

of one year's separation. Defendant answered the divorce complaint and prayed that plaintiff be required to provide support for their minor child until the child reaches twenty-one years of age. It appears that the child is now twenty years of age and a student in college.

Judgment in the divorce action was filed on 3 January 1966, granting plaintiff absolute divorce; an order was entered on 6 January 1966 requiring plaintiff to pay $25.00 per week for the support and maintenance of the child until she becomes twenty-one.

Following motions filed by plaintiff and defendant, Judge Johnston entered an order, dated 21 July 1967, which had the effect of relieving plaintiff of further payments. Defendant appealed from said order to the Supreme Court and by opinion set forth in 272 N.C. 235, filed 13 December 1967, the Supreme Court found error and remanded the cause to the Superior Court of Forsyth County.

On 4 January 1968, an order in conformity with the Supreme Court opinion was filed in the Forsyth Superior Court by Judge Martin vacating Judge Johnston's order of 21 July 1967. On 19 January 1968, defendant filed a motion asking for entry of an order requiring plaintiff to appear and show cause, if any he had, why he should not be punished for contempt of court.

The motion was heard by Judge Johnston at the 12 February 1968 Session of Forsyth Superior Court, following which he entered an order finding that plaintiff's failure to pay $25.00 per week had not been in willful disobedience of the orders of the court and that plaintiff was not in contempt of the orders of the court. From said order, defendant appealed to this Court.

*Hayes & Hayes by W. Warren Sparrow, Attorneys for plaintiff appellee.*

*Randolph & Drum by Clyde C. Randolph, Jr., Attorneys for defendant appellant.*

BRITT, J. In her appeal to this Court, defendant failed to comply with Rule 19(d)(2). Rule 19 relates to the record on appeal. Subsection (d) is entitled "Evidence — How Stated" and provides that the evidence in the record on appeal shall be in one of the two following methods:

(1) [In narrative form as required for many years by Rule 19(4) of the Supreme Court of North Carolina.]

(2) As an alternative to the above method (as a part of the record on appeal but not to be reproduced), the appellant shall cause the complete stenographic transcript of the evidence in

the trial tribunal, as agreed to by the opposite party or as settled by the trial tribunal as the case may be, to be filed with the clerk of this Court and *then the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof. The opposite party in case of disagreement as to any portion of the appendix in appellant's brief may set forth in an appendix to his brief in succinct language what he says the testimony of a witness establishes with citation to the page of the stenographic transcript in support thereof.* (Emphasis added.)

In her appeal, defendant caused to be filed a stenographic transcript of the evidence presented before Judge Johnston but failed to provide an appendix to her brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof."

For failure to comply with the rule aforesaid, this Court *ex mero motu* dismisses defendant's appeal.

Nevertheless, we have carefully reviewed the record on appeal and the briefs submitted by plaintiff and defendant and find no prejudicial error. There was sufficient competent evidence to support the findings and conclusions of Judge Johnston that plaintiff has not willfully disobeyed the orders of the court and is not in contempt of the orders of the court.

Appeal dismissed.

CAMPBELL and MORRIS, JJ., concur.