BARBARA B. WHITE v. TRUDY BROWN HESTER AND JAMES D. COX
AND
WILLIAM SIDNEY WHITE v. TRUDY BROWN HESTER AND JAMES D. COX.

(Filed 12 June 1968.)

**1. Appeal and Error § 41—**

Where there are two or more appeals in one action, only one copy of the record is necessary. Court of Appeals Rule No. 19(b).

**2. Same—**

Where appellant caused to be filed with the clerk a stenographic transcript of the evidence in the trial tribunal, the failure to provide an appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof" subjects the appeal to dismissal by the Court of Appeals *ex mero motu.* Court of Appeals Rule No. 19(d)(2).

**3. Automobiles § 19—**

When two vehicles arrive at approximately the same time at an intersection not controlled by stop signs or signals. the vehicle to the left shall yield the right of way to the vehicle on the right. G.S. 20-155(a).

APPEAL from *Gambill, J.,* 4 December 1967 Civil Session, IREDELL County Superior Court, from a judgment of nonsuit entered at the close of the plaintiffs' evidence.

These two cases were tried together. In one Barbara B. White,

plaintiff, seeks to recover for personal injuries and in the other William Sidney White, plaintiff, seeks to recover for property damages to his 1958 Plymouth automobile driven at the time by his wife, the plaintiff Barbara B. White.

*Battley and Frank by Jay F. Frank, Attorneys for plaintiff appellants.*
*Smathers and Hufstader by John Robert Hufstader, Attorneys for defendant appellees.*

CAMPBELL, J.   Two formal records and two sets of briefs were filed in this Court; only one copy was necessary under Rule 19(b).

The appellants availed themselves of our Rule 19(d)(2) and caused the complete stenographic transcript of the evidence to be filed in this Court. The appellants, however, did not comply with that portion of Rule 19(d)(2) which provides: "(T)hen the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof."

For failure to comply with the rule aforesaid, this Court *ex mero motu* dismisses the appeal. *Crosby v. Crosby,* 1 N.C. App. 398, 161 S.E. 2d 654 (filed this date).

Nevertheless, we have carefully reviewed the record on appeal and the briefs submitted by plaintiffs and defendants and find no prejudicial error. No novel questions were presented by this automobile collision at an intersection in Statesville where there were no traffic control signals or signs of any kind and the evidence revealed that the two vehicles arrived at the intersection at approximately the same time. The vehicle to the left (the plaintiff's vehicle) should have yielded the right of way, pursuant to the statute, G.S. 20-155(a). Furthermore, plaintiffs' evidence reveals that the plaintiff driver failed to keep a proper lookout as required by law.

Appeal dismissed.

BRITT and MORRIS, JJ., concur.