BUFFKIN, v. GASKIN AND ANDERSON v. GASKIN.

———————————

GEORGE J. BUFFKIN v. J. C. GASKIN, T/A G. & G. AUTO SERVICE
AND
FLOSSIE B. ANDERSON v. J. C. GASKIN, T/A G. & G. AUTO SERVICE.

(Filed 10 July 1968.)

1. **Appeal and Error § 41—**

    Where appellant submits the evidence in the record on appeal under Rule 19(d)(2) of the Rules of Practice in the Court of Appeals but fails to affix an appendix to the brief summarizing the testimony that he relies upon to support his exception to denial of motion for judgment as of nonsuit, the Court of Appeals, *ex mero motu*, will refuse to consider the evidence and will deem the assignment of error to be abandoned.

2. **Negligence § 26—**

    Nonsuit on the ground of contributory negligence is allowed only when the plaintiff's evidence considered in the light most favorable to him establishes the plaintiff's negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom.

3. **Automobiles §§ 71, 73—**

    Conflicting evidence in this case *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in towing a disabled auto-

mobile on a foggy morning without lights on either the wrecker or the automobile, and on the issue of plaintiff's contributory negligence in colliding into the towed vehicle.

**4. Trial § 34—**

Defendant cannot complain of an instruction which required the plaintiffs to establish defendant's negligence "beyond a reasonable doubt" rather than "by the greater weight of the evidence."

APPEAL from *Clark, J.,* February-March 1968 Civil Session, COLUMBUS Superior Court.

These two civil actions were consolidated for trial by consent of the parties.

The two actions arose from an automobile collision which occurred at approximately 8:15 P.M., 13 March 1965, on North Carolina Highway No. 904 near Tabor City.

On the occasion in question the plaintiff George J. Buffkin was driving a 1964 Ford automobile owned by the plaintiff Flossie B. Anderson. Buffkin and Mrs. Anderson were first cousins. Mrs. Anderson did not drive an automobile and on this occasion had asked her cousin, Buffkin, to drive her in her automobile to Tabor City for the purpose of grocery shopping.

Buffkin was driving the Anderson automobile in a southeasterly direction towards Tabor City. The plaintiffs contended that there were patches of fog on the road and that the surface of the road was damp and wet from previous rains. They were proceeding at approximately 45 miles per hour and had the headlights on low beam in order to have better visibility in the foggy conditions. As they, thus, proceeded, they came upon an object which Buffkin and Mrs. Anderson saw at about the same time. Buffkin applied the brakes but was unable to stop until the Ford he was driving crashed into the object. The object turned out to be a 1958 Ford which was attached to the rear of a wrecker truck being operated by the defendant. The defendant had gone to this location for the purpose of pulling the 1958 Ford out of a ditch on the northerly side of the road. The defendant had arrived and had attached the crane of his wrecker to the 1958 Ford and had then pulled it from the ditch and partially across the northerly half of the highway and onto the southerly half of the highway. The defendant had the wrecker headed in an easterly direction on the southerly side of the highway which was the side of the highway on which the plaintiff Buffkin was driving the Anderson automobile. The defendant had stopped to attach a tow bar to the disabled Ford and the wreck occurred while the defendant was stopped.

The evidence was sharply conflicting, both as to the weather conditions and the lighting on the wrecker.

The plaintiffs' evidence was to the effect that there were no lights on either the wrecker or the 1958 Ford which was connected to it. The defendant claimed that the wrecker was well lighted with red blinker lights and other lights. -

The evidence revealed that the 1958 Ford was attached to the wrecker by a hoist and the front was several feet off the ground. There was no evidence as to any lights on the 1958 Ford which was connected to the wrecker.

The jury awarded damages in the amount of $4,250 to Buffkin for personal injuries and in the amount of $6,000 to Mrs. Anderson for personal injuries and $1,200 to Mrs. Anderson for damages done to her Ford.

From judgment in favor of the plaintiffs based upon the jury verdict, the defendant appealed.

*John A. Dwyer and D. Jack Hooks, Attorneys for plaintiff appellees.*

*Henry & Henry by Everett L. Henry, Attorneys for defendant appellant.*

CAMPBELL, J. This appeal presents two questions. One, should the case have been dismissed upon motion for judgment as of nonsuit? Two, did the trial court commit error in the charge?

The evidence was submitted under Rule 19(d)(2) but the appellant did not comply with the rules of this Court in that no appendix was affixed to the brief summarizing the testimony that the defendant relies upon to sustain the motion for judgment as of nonsuit. For failure to comply with the rules of this Court in this regard, this Court, *ex mero motu*, will refuse to consider the evidence and will deem this assignment of error as abandoned. Despite this ruling, we engaged upon a voyage of discovery and went through the transcript of the record. There was ample evidence to sustain a finding of negligence on the part of the defendant. Nonsuit on the ground of contributory negligence of the plaintiff is allowed only when the plaintiff's evidence considered in the light most favorable establishes the plaintiff's negligence as a "proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom." *Hughes v. Vestal,* 268 N.C. 450, 150 S.E. 2d 752; *White v. Mote,* 270 N. C. 544, 155 S.E. 2d 75.

While the evidence was sharply conflicting, we think that the case was properly submitted to the jury on the issues of negligence and contributory negligence.

The defendant assigns as error the charge to the jury by the trial court:

"All the evidence in this case tends to show that it was after dark or at night within the meaning of the statute. Now, I further instruct you, members of the jury, that this requirement of the statute is applicable to towed vehicles. Such tail lights on the rear of a wrecker or a towing vehicle does not constitute a sufficient compliance with the statute. To comply with the statute, a motorist must have such visible tail lights on the towed vehicle. I instruct you, members of the jury, that the operation of a motor vehicle at night without such visible tail lights on the towed vehicle in violation of the statute is negligence *per se,* or negligence in itself, or negligence as a matter of law. * * *

Finally as to this first issue, members of the jury, I instruct you that if the plaintiffs have satisfied you from the evidence and beyond a reasonable doubt that on the night of March the 13th, 1965, at about 8:00 o'clock P.M. on Highway 904 about two or three miles west of Tabor City, North Carolina, that the defendant, Mr. Gaskin, did operate his wrecker on said highway and did with said wrecker tow another motor vehicle and that the towed vehicle did not have on its lamps exhibiting a red light plainly visible under normal atmospheric conditions for a distance of 500 feet to the rear of such towed vehicle, then I instruct you that the defendant would be negligent; and if you further find from the evidence and by the greater weight of the evidence that such negligence was one of the proximate causes of the collision between the vehicles and resulting injury to the plaintiffs, then it would be your duty to answer this first issue in favor of the plaintiffs, that is 'yes.' If you fail to so find, members of the jury, then it would be your duty to answer this issue in favor of the defendant, that is 'no.'"

We find no error in this instruction insofar as the defendant is concerned. As a matter of fact, the instruction placed a greater burden on the plaintiffs than the law requires, for that the trial court required the plaintiffs to establish this fact "beyond a reasonable doubt" rather than "by the greater weight of the evidence." This undue burden placed upon the plaintiffs cannot be taken advantage of by the defendant.

We have reviewed all of the assignments of error and find no error in the trial of this case.

Affirmed.

BRITT and MORRIS, JJ.. concur.