EDWARD B. MURRELL v. WILLIAM A. POOLE AND CAROLINA TURF COMPANY.

(Filed 10 July 1968.)

**1. Appeal and Error § 41—**

　　Where appellant caused to be filed with the clerk a stenographic transcript of the evidence in the trial tribunal, the failure to provide an appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witnesses tends to establish with citation to the page of the stenographic transcript in support thereof" subjects the appeal to dismissal. Rule of Practice in the Court of Appeals No. 19(d)(2).

**2. Evidence § 50—**

　　Where a medical expert has testified without objection that plaintiff "will suffer" from an injury, it is not prejudicial error for him to be asked and to give as his opinion that he did not know how long this condition would continue, it being competent for a medical expert to give his opinion as to the duration of an injury.

APPEAL by defendants from *Hall, J.,* 11 December 1967 Civil Session of Superior Court of BRUNSWICK County.

Plaintiff alleged he was injured on 12 November 1966 when the bus he was driving was struck in the rear by a motor vehicle owned by defendant Carolina Turf Company and operated negligently by

its agent, the defendant Poole. Defendant admitted agency, denied negligence, denied plaintiff was injured, and alleged contributory negligence.

Plaintiff offered evidence which tends to show that on 12 November 1966 he was driving a passenger bus at a speed of approximately 55 miles per hour eastward on N. C. State Highway #211 when he observed a small automobile ahead of him making a "U" turn on the highway. He gradually applied his brakes so as to reduce his speed to approximately 30 to 35 miles per hour, and as he did so, the motor vehicle being operated by the defendant Poole, which had been following him, collided with the rear of the bus. The impact damaged the rear of the bus, the front of the motor vehicle (a station wagon) operated by the defendant Poole, and caused plaintiff's shoulders to be thrown against a metal bar back of the driver's seat causing injuries to his neck and shoulder.

The road at the place of collision was straight for a half a mile or more in each direction. The collision occurred at about 9:30 a.m. It was raining, and the highway was wet. Defendant offered no evidence. The court submitted the issues of negligence and damage which were answered in plaintiff's favor. Judgment was entered on the verdict, and defendant appealed to the Court of Appeals.

*Herring, Walton, Parker & Powell by Ray H. Walton for plaintiff appellee.*

*Marshall & Williams by Daniel Lee Brawley for defendant appellants.*

MALLARD, C.J.  Appellant and appellee stipulate that "Rule 19 (d) (2) of the Rules of Practice in the Court of Appeals shall apply to this appeal." Pursuant to this rule, the stenographic transcript of the evidence was filed with the Clerk of the Court of Appeals. However, this rule also requires that "the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof." The appellant does not comply with this latter requirement. Rule 48 of the Rules of Practice in the Court of Appeals provides that "(i)f these rules are not complied with, the appeal may be dismissed."

The deposition of the medical expert who examined and treated the plaintiff for his injuries was offered at the trial. He was asked and permitted to answer the following questions:

"Q. Doctor, if the Jury in this case should find from the evidence and by its greater weight that on or about the 14th day of November, 1966, Mr. Murrell was riding in a bus or motor vehicle which was struck from behind with such force that it threw his head back and pressed it against a metal bar at the back of his seat, do you have an opinion satisfactory to yourself as to whether or not this could have caused the condition that you have described?

A. Yes, that could have caused the onset and this be the aftermath of the injury.

Q. All right, sir. Doctor, now, as of the last time that you saw Mr. Murrell, what was your prognosis?

A. Well, he will be able to work. He will suffer at different times or if the weather changes or he is in a draft due to his work. He will suffer to some extent and have some soreness, however, he will be able to carry on his work and he can control this soreness with the use of analgesics.

Q. Doctor, do you have an opinion satisfactory to yourself as to how long this condition will continue to exist?

A. That is an unknown question. How long it will last. It may go on for several months, maybe a year, and it may stop tomorrow. That's the peculiarity of that type of condition."

Defendant did not bring forward in the brief his exception and assignment of error to the hypothetical question and answer and did not object or except to the doctor giving his prognosis. However, defendant contends that the court committed error in permitting the doctor to give his opinion as to how long the plaintiff's condition would continue to exist. This contention is without merit. The doctor had just testified, without objection, that the plaintiff *will suffer,* and this implies that the suffering will continue for some time. It was not prejudicial error under these circumstances for the doctor to be asked and to give as his opinion that he did not know for how long this condition would continue. In Stansbury, N. C. Evidence 2d, § 135, it is said, "The testimony of properly qualified medical experts may cover a wide range, their opinion having been received on questions of . . . the extent *and duration* of *an injury* or disease . . ." (emphasis added.)

Defendant also assigns as error certain portions of the judge's charge. When the charge is read as a whole, it correctly applies the law to the facts in this case.

Instead of dismissing the appeal for failure to comply with the rules, we have carefully examined and considered each assignment of error brought forward in appellant's brief and find no prejudicial error.

In the trial we find
No error.

BROCK and PARKER, JJ., concur.