POLLY SOUTHERN RING v. LAWRENCE DEWITT RING.

(Filed 10 July 1968.)

**1. Appeal and Error § 41—**

Where appellant caused to be filed with the clerk a stenographic transcript of the evidence in the trial tribunal, the failure to provide an

appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witnesses tends to establish with citation to the page of the stenographic transcript in support thereof" subjects the appeal to dismissal by the Court of Appeals *ex mero motu.* Rule of Practice in the Court of Appeals No. 19(d)(2).

**2. Divorce and Alimony § 21—**

Evidence that defendant is gainfully employed and is earning a good income *is held* sufficient to support a finding that defendant is in wilful contempt of a court order requiring him to make specified support payments to his estranged wife, defendant having produced no evidence that he is unable to make such payments.

APPEAL by defendant from *Martin, S.J.,* September 25, 1967 Civil Session of FORSYTH.

This case began 25 April 1966 as an action seeking separate maintenance and counsel fees under G.S. 50-16. By a consent judgment entered 13 May 1966, it was "ORDERED, ADJUDGED AND DECREED that the defendant pay into the Domestic Relations Court of Forsyth County the sum of $30 per week, beginning on Friday, the 20th day of May, 1966, and continuing thereafter on each and every succeeding Friday until the plaintiff, Polly Southern Ring, dies or remarries, said sum to be disbursed by said court to Polly Southern Ring for her separate maintenance and support."

Defendant made the payments of $30.00 a week as required by the judgment of 13 May 1966, "until on or about October 6, 1966, when he stopped". On or about 2 November 1966, defendant returned to the home of plaintiff and stayed there until about 4 November 1966 when he left and did not return. On 28 December 1966, plaintiff filed an amended motion that defendant be attached for contempt for wilful failure to comply with the provisions of the judgment entered on 13 May 1966. Plaintiff alleged that defendant "at no time intended to fulfill" the marital obligations and that his only purpose and intent was to relieve himself of the burden of continuing to make payments as required by the judgment of 13 May 1966. Defendant demurred *ore tenus* to the amended motion and the court entered judgment sustaining this demurrer. Plaintiff excepted and appealed to the Supreme Court. In an opinion filed 12 April 1967, *Ring v. Ring,* 270 N.C. 113, 153 S.E. 2d 768, the Supreme Court stated, ". . . the judgment of the court below is vacated; and the cause is remanded for a plenary hearing on return of the order to show cause. From the evidence adduced at such hearing, the court will find the facts and enter judgment thereon".

On 25 September 1967, a show cause hearing was conducted by Judge Robert M. Martin. Both sides presented evidence and agreed

that an order disposing of the case could be signed by Judge Martin out of district and out of term. An order was entered on 6 January 1968, in which defendant was found to be in wilful contempt and ordered to pay $10.00 per week in addition to the regular payments until all arrearage was paid.

From the entry of this order defendant appealed.

*H. Glenn Pettyjohn for plaintiff appellee.*

*Hayes and Hayes by James M. Hayes, Jr. and W. Warren Sparrow for defendant appellant.*

Morris, J. In his appeal to this Court, defendant failed to comply with Rule 19(d)(2). Subsection (d) provides that the evidence in the record on appeal shall be in one of the two following methods:

(1) In narrative form as required by the Supreme Court of North Carolina.

(2) As an alternative to the above method (as a part of the record on appeal but not to be reproduced), the appellant shall cause the complete stenographic transcript of the evidence in the trial tribunal, as agreed to by the opposite party or as settled by the trial tribunal as the case may be, to be filed with the clerk of this Court and *then the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof. The opposite party in case of disagreement as to any portion of the appendix in appellant's brief may set forth in an appendix to his brief in succinct language what he says the testimony of a witness establishes with citation to the page of the stenographic transcript in support thereof.* (Emphasis added.)

Defendant caused to be filed a stenographic transcript of the evidence presented before Judge Martin, but failed to provide an appendix to his brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof". For failure to comply with the above stated rule, we dismiss defendant's appeal *ex mero motu.*

However, we have carefully examined defendant's assignments of error and deem them to be without merit. There is ample evidence

in the record to support the findings of fact. Nowhere in the record does defendant assert as a matter of defense that he is incapable of making the payments. All the evidence reveals that he is gainfully employed and is earning a good income. The purpose of the show cause order was to allow him to purge himself of contempt. Any evidence he might have had of his inability to pay should have been presented at that time.

Affirmed.

CAMPBELL and BRITT, JJ., concur.