WADE DAVIS SHEPHARD v. NORTH CAROLINA STATE HIGHWAY
COMMISSION

No. 68IC31

(Filed 14 August 1968)

1. **Appeal and Error §§ 41, 45—  record on appeal — transcript of the evidence — failure to include appendix of evidence in brief**

    Where the evidence in the record on appeal is submitted under Rule of Practice 19(d)(2) in the Court of Appeals, the appeal will be dismissed when the brief does not contain an appendix setting forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what appellant says the testimony of such witnesses tends to establish with citation to the page of the stenographic transcript in support thereof.

2. **State § 8;   Highways and Cartways § 9—   overweight vehicle on highway bridge — contributory negligence**

    In an action for personal injuries against the State Highway Commission under the Tort Claims Act, the Industrial Commission properly concluded that plaintiff was guilty of contributory negligence upon findings supported by competent evidence that plaintiff drove a truck loaded with cement upon a highway bridge which was under reconstruction, that the vehicle had a weight in excess of the weight limitation posted on the bridge, in violation of G.S. 136-72, and that the bridge collapsed, resulting in injuries to plaintiff.

3. **State § 8;   Highways and Cartways § 9—   overweight vehicle on highway bridge — negligence per se**

    In an action under the Tort Claims Act for injuries received when a bridge under reconstruction collapsed while plaintiff was delivering cement to the construction site, the Industrial Commission properly concluded that plaintiff was negligent *per se* in violating G.S. 136-72 by driving upon the bridge a vehicle which exceeded the posted weight limitation where the evidence showed that the bridge remained open to traffic during the construction work.

APPEAL by plaintiff from Industrial Commission, J. W. Bean, Chairman.

This is an action for recovery of damages for personal injuries brought under the Tort Claims Act. Plaintiff was employed by Standard Company, Inc. as a truck driver. He generally drove a Reo tandem truck with a seven cubic yard mixer and was driving that truck when the accident occurred. He had delivered a load of cement to defendant's bridge construction site at old bridge #241 spanning the Roaring River in Wilkes County. As he drove onto the bridge, at the direction of an employee of defendant, the bridge collapsed, the truck fell to the riverbed, and plaintiff was injured. The defendant's employee received severe injuries resulting in death. Hearing

SHEPHARD *v.* HIGHWAY COMM.

was had before Deputy Commissioner Delbridge who entered a decision and order adjudging defendant negligent and plaintiff contributorily negligent and denying recovery. Both plaintiff and defendant filed exceptions to his findings of fact and conclusions of law and appealed to the Full Commission. From the order of the Full Commission affirming the deputy commissioner and adopting as its own the findings of fact and conclusions of law entered by him, plaintiff appealed.

*Franklin Smith for plaintiff appellant.*

*Thomas Wade Bruton, Attorney General, by Harrison Lewis, Deputy Attorney General; Henry T. Rosser, Assistant Attorney General; and Fred P. Parker, III, Trial Attorney, for defendant appellee.*

MORRIS, J.

[1] At the outset, we are met by appellant's failure to comply with the rules of the Court of Appeals. Although he has filed one copy of the transcript of the testimony, he has not, as required by Rule 19(d)(2), attached an appendix to his brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof." For failure to comply with the rules, the appeal is dismissed.

We have, nevertheless, conducted a voyage of discovery through the record and find that there is sufficient competent evidence to sustain the findings of fact of the deputy commissioner and that the findings of fact are sufficient to support his conclusion of law that plaintiff was guilty of contributory negligence. There was competent evidence tending to show that signs were posted at either end of the bridge designating the maximum weight limit for that bridge of 18 tons for truck and trailer. An employee of defendant — a witness for plaintiff — testified that there were signs on the bridge "but it didn't say for that much limit on it" and that he saw the signs on the day of the accident. Another employee of defendant testified that the signs were there the day before and day after and he noticed no evidence of their having been removed and replaced. He testified the signs showed a weight limit of 18 tons for tractor-trailers. Plaintiff strenuously objects to the admission of a photograph depicting the signs. However, the photograph was not admitted as substantive evidence, but only for the purpose of illustrating the witness' testimony.

Although plaintiff testified that he did not know the weight of the equipment he was driving nor how much cement he was carrying, his employer testified that "there is a delivery ticket with each load, the driver knows what he is taking along with the directions where he is going." The testimony was that the equipment driven by plaintiff weighed 39,000 to 40,000 pounds.

[3] Plaintiff contends that the conclusion of law that his violation of G.S. 136-72 was negligence *per se* constituted reversible error. G.S. 136-72 reads as follows:

> "The State Highway Commission shall have authority to determine the maximum load limit for any and all bridges on the State highway system or on any county road systems, to be taken over under §§ 136-51 to 136-53, and post warning signs thereon, and it shall be unlawful for any person, firm, or corporation to transport any vehicle over and across any such bridge with a load exceeding the maximum load limit established by the Commission and posted upon said bridge, and any person, firm, or corporation violating the provisions of this section, shall, in addition to being guilty of a misdemeanor, be liable for any or all damages resulting to such bridge because of such violation, to be recovered in a civil action, in the nature of a penalty, to be brought by the Commission in the superior court in the county in which such bridge is located or in the county in which the person, firm, or corporation is domiciled; if such person, firm, or corporation causing the damage shall be a nonresident or a foreign corporation, such action may be brought in the Superior Court of Wake County."

Our Supreme Court has held, in a fact situation strikingly similar, that violation of this statute constitutes negligence *per se*. *Byers v. Products Co.*, 268 N.C. 518, 151 S.E. 2d 38. Plaintiff contends, however, that this statute is not applicable because the bridge was being used as a construction site, platform, and scaffold and not by plaintiff in the normal course of travel. This contention is without merit. The evidence was that the bridge was open to traffic, and that traffic was stopped at either end by defendant's employees while plaintiff's truck entered the bridge. The finding of fact that "the bridge was opened to traffic during construction work" is supported by competent evidence.

Appeal dismissed.

CAMPBELL and BRITT, JJ., concur.