JAMES STEVEN BRYANT v. KEITH S. SNYDER, ADMINISTRATOR OF THE ESTATE OF WILLIAM DAVID HUMPHREYS, AND CAROLYN J. HUMPHREYS, ADMINISTRATRIX OF THE ESTATE OF WILLIAM DAVID HUMPHREYS

No. 6825SC347

(Filed 13 November 1968)

**Appeal and Error § 41— evidence submitted under Rule 19(d)(2) — failure to affix summary of evidence to brief**

Where appellant's only assignment of error is to the entry of judgment of nonsuit, and appellant submits the evidence in the record on appeal under Rule 19(d)(2) of the Rules of Practice in the Court of Appeals but fails to affix an appendix to the brief summarizing the testimony he relies upon to support his assignment of error, appellees' motions to dismiss the appeal are allowed.

APPEAL by plaintiff from *Falls, J.,* 18 March 1968 Session, CALDWELL Superior Court.

Plaintiff is the only survivor of an automobile accident on 5 September 1963 in Caldwell County. He alleges that defendants'

intestate was the owner and operator of the vehicle in which plaintiff was riding, and alleges negligence in the operation of said vehicle. By this action he seeks to recover for personal injury.

At the close of plaintiff's evidence the motion of each defendant for judgment of nonsuit was allowed. Plaintiff appealed, assigning as error the entry of judgment of nonsuit.

*Wilson & Palmer, by W. C. Palmer, for plaintiff appellant.*

*Townsend & Todd, by J. R. Todd, Jr., for Keith S. Snyder, Administrator, appellee.*

*Patrick, Harper & Dixon, by Bailey Patrick, for Carolyn J. Humphreys, Administratrix, appellee.*

BROCK, J.

Each of the defendants-appellees in apt time filed in this Court a motion to dismiss the appeal because plaintiff failed to comply with Rule 19(d)(2), Rules of Practice in the Court of Appeals of North Carolina.

Rule 19(d)(2) provides in pertinent part as follows:

> "As an alternative to the above method (as a part of the record on appeal but not to be reproduced), the appellant shall cause the complete stenographic transcript of the evidence in the trial tribunal, as agreed to by the opposite party or as settled by the trial tribunal as the case may be, to be filed with the clerk of this Court and then the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof."

Rule 19(d)(2) was adopted as an alternate to the formerly existing Rule to accomplish two primary purposes: (1) to relieve counsel of the necessity of narrating all of the testimony, and (2) to save litigants the expense of mimeographing all of the evidence as a part of the Record on Appeal. Only one copy of the stenographic transcript is required to be filed. Therefore, in order for the three members of the panel to understand appellants' assignments of error, it is necessary that appellant *in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends*

*to establish with citation to the page of the stenographic transcript in support thereof.* Rule 19(d)(2), *supra.*

In the instant case appellant has elected to proceed under this Rule, and has filed the complete stenographic transcript of the evidence; however, appellant's brief contains only the following as an appendix:

> "Pursuant to Rule 19(d)(2), the plaintiff appellant attaches this appendix and respectfully submits that the entire record must be read to determine whether the plaintiff should have been nonsuited at the close of the evidence."

Aside from constituting a complete failure to comply with Rule 19(d)(2), the statement is far from accurate. The stenographic transcript contains sixty-three pages and a cursory examination thereof clearly shows that at least thirty-three pages have absolutely no bearing upon the question raised by this appeal, i.e., the identification of the driver of the vehicle in which plaintiff was injured.

The defendants' motions filed under Rule 16 are allowed and this

Appeal is dismissed.

BRITT and PARKER, JJ., concur.