RAY B. HERLOCKER, TRADING AS ASHEBORO PAVING COMPANY v. GUY H. ANDREWS, ORIGINAL DEFENDANT, AND DEAN F. RING, ADDITIONAL DEFENDANT

No. 6819SC429

(Filed January 15 1969)

1. Appeal and Error § 41— evidence submitted under Rule 19(d)(2) — failure to affix summary of evidence to brief

Where appellant submits the evidence in the record on appeal under Rule 19(d)(2) of the Rules of Practice in the Court of Appeals but fails to affix an appendix to the brief setting forth in succinct language the testimony he relies upon to support his assignments of error, appellee's motion to dismiss the appeal is allowed.

2. Appeal and Error § 41— purpose of Rule 19(d)(2)

The primary purposes of Rule 19(d)(2) are (1) to relieve counsel of the necessity of narrating all of the testimony and (2) to save litigants the expense of mimeographing all of the evidence as a part of the record on appeal.

APPEAL by defendant Guy H. Andrews from Seay, J., 5 February 1968 Session, RANDOLPH Superior Court.

Plaintiff instituted this action to recover the balance due on a contract with defendant for the paving of a parking lot.

From a verdict in favor of plaintiff, and judgment entered thereon, defendant appealed assigning error.

*Moser & Moser, by D. Wescott Moser, for plaintiff appellee.*

*Hoyle, Boone, Dees & Johnson, by J. Sam Johnson, Jr., for defendant appellant.*

BROCK, J.

As authorized by Rule 19(d)(2), as an alternative to narrating the testimony, defendant appellant filed the complete stenographic

transcript of the evidence in the trial tribunal. This transcript of evidence consists of one hundred and seven pages of testimony.

**[1]** Defendant's first seventeen assignments of error relate to the examination or cross-examination of witnesses. As a part of the alternative of the privilege of filing the stenographic transcript of the evidence, Rule 19(d)(2) also provides ". . . *the appellant in an appendix to his brief shall set forth* in succinct language with respect to those witnesses whose testimony is deemed pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof." Rule 19(d)(2), Rules of Practice in the Court of Appeals of North Carolina. (emphasis added). Defendant appellant has failed to furnish us with an appendix to his brief. Prior to argument of the case on appeal, plaintiff duly filed a motion to dismiss for failure of defendant to comply with this rule.

**[2]** Rule 19(d)(2) was adopted as an alternate to the formerly existing Rule to accomplish two primary purposes: (1) to relieve counsel of the necessity of narrating all of the testimony, and (2) to save litigants the expense of mimeographing all of the evidence as a part of the Record on Appeal. Only one copy of the stenographic transcript is required to be filed. Therefore, in order for the three members of the panel to understand appellant's assignments of error, it is necessary that appellant provide us with an appendix to his brief. *Bryant v. Snyder*, 3 N.C. App. 65 (filed 13 November 1968).

**[1]** Plaintiff appellee's motion to dismiss is allowed. Rule 48, Rules of Practice, *supra.*

Appeal Dismissed.

BRITT and PARKER, JJ., concur.