ANNIE STEWART PARSONS v. MARY ALICE BEAMAN USSERY AND
ELLA JEAN BEAMAN HANSEN

No. 6919SC5

(Filed 26 February 1969)

1. **Appeal and Error § 41—    evidence submitted under Rule 19 (d) (2)
   — failure to affix summary of evidence to brief**

   Where appellant's assignment of error is to the entry of judgment of
   nonsuit, and appellant submits the evidence in the record on appeal under
   Rule 19 (d) (2) of the Rules of Practice in the Court of Appeals but fails
   to affix an appendix to the brief summarizing the testimony he relies
   upon to support his assignment of error, appellees' motion to dismiss the
   appeal should be allowed.

2. **Appeal and Error § 44—    motion to amend the brief**

   Appellant's motion to be allowed to amend her brief must be denied
   where the motion was filed after the case was argued, and in absence of
   leave to amend granted in open court and of notice to opposing counsel
   in the manner required by Rule 36. Rule of Practice in the Court of Ap-
   peals No. 11.

3. **Automobiles § 62—    nonsuit on issue of negligence — striking pe-
   destrian**

   In an action by a pedestrian to recover for injuries sustained when
   she was struck by an automobile operated by defendant, nonsuit is prop-
   erly allowed where there is no evidence of any occurrence to put defendant
   on notice that plaintiff intended to step around a parked car into the
   path of defendant's oncoming car in time to afford defendant opportunity
   to blow her horn or to avoid striking the plaintiff.

APPEAL by plaintiff from *Seay, J.,* May 1968 Civil Session of
MONTGOMERY Superior Court.

This is a civil action to recover damages for personal injuries
allegedly caused by the negligence of the defendants when plaintiff,
a pedestrian, was struck by an automobile owned by defendant
Ussery and being driven by defendant Hansen. Defendants answered,
denied negligence, and pleaded contributory negligence. From judg-
ment of nonsuit at the close of plaintiff's evidence, plaintiff appealed.

*Edmund O. Kenion and Charles H. Dorsett for plaintiff appellant.*

*Brown, Brown & Brown, by Richard L. Brown, Jr., for defendant
appellees.*

PARKER, J.

[1]    In apt time before entering upon the argument of this appeal
upon its merits, appellees in accordance with Rule 16 of the Rules

of Practice of this Court filed a motion to dismiss this appeal for noncompliance by appellant with the requirements of the Rules of this Court. The record on appeal states that the evidence is submitted under Rule 19(d)(2). Appellant did file the complete stenographic transcript of the evidence presented at the trial. However, appellant failed to provide an appendix to her brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what (s)he says the testimony of such witnesses tends to establish with citation to the page of the stenographic transcript in support thereof." This requirement of Rule 19 has been called to the attention of the Bar in the following cases: *Bryant v. Snyder,* 3 N.C. App. 65, 164 S.E. 2d 35; *Shephard v. Highway Commission,* 2 N.C. App. 223, 162 S.E. 2d 520; *Inman v. Harper,* 2 N.C. App. 103, 162 S.E. 2d 629; *State v. Evans,* 1 N.C. App. 603, 162 S.E. 2d 97; *Ring v. Ring,* 1 N.C. App. 592, 162 S.E. 2d 126; *Murrell v. Poole,* 1 N.C. App. 584, 162 S.E. 2d 121; *Buffkin v. Gaskin,* 1 N.C. App. 563, 162 S.E. 2d 164; *State v. Fowler,* 1 N.C. App. 552, 162 S.E. 2d 36; *State v. Mitchell,* 1 N.C. App. 528, 162 S.E. 2d 94; *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158; *White v. Hester,* 1 N.C. App. 410, 161 S.E. 2d 611; *Crosby v. Crosby,* 1 N.C. App. 398, 161 S.E. 2d 654. The reason for the above-quoted portion of Rule 19(d)(2) is obvious. It is particularly compelling in cases such as the present one in which a ruling on a motion for nonsuit is involved. Without the aid of the required appendix to appellant's brief we are required to search the entire transcript, much of which is not pertinent to the question raised on the appeal, in order to determine the correctness of the trial court's ruling.

**[1, 2]**   In the present case, six days after the argument appellant filed an answer to appellees' motion to dismiss and also filed a motion for leave to amend her brief in order to add the required appendix. Rule 11 of the Rules of Practice of this Court provides in part: "No brief or written argument will be received after a case has been argued or submitted, except upon leave granted in open court, after notice to opposing counsel." Appellant's motion does not show thereon the date and manner of notice to opposing counsel, as is required by Rule 36. In the absence of such notice and leave granted in open court, appellant's motion to be allowed to amend her brief must be denied. For appellant's failure to comply with the above-quoted portion of Rule 19(d)(2), appellees' motion to dismiss this appeal should be allowed.

We have, nevertheless, carefully reviewed the entire transcript.

Considering the evidence in the light most favorable to plaintiff, resolving all contradictions therein in her favor, and giving her the benefit of every inference in her favor which can reasonably be drawn therefrom, plaintiff's evidence tended to show: That at about 3:30 p.m. 13 February 1963 plaintiff left her place of employment at Capel Rug Mill on the west side of North Main Street in the town of Troy. The shift was changing, and other employees were also leaving at that time. Plaintiff's car was parked on the opposite side of North Main Street, in the employees parking lot on the east side of the street. North Main Street runs north and south, has a paved portion twenty feet wide, and there was a gravel or dirt shoulder on the west side of North Main Street. This graveled shoulder is a strip approximately ten feet wide extending between the rug mill fence and the west edge of the pavement. There was no gutter or curb at the pavement. North Main Street is straight and level, and the day was clear and the pavement dry. At the time in question, another employee had parked his automobile diagonally on the dirt shoulder on the west side of North Main Street in front of the rug mill and ten or twelve feet south of the entrance gate to the rug mill. The right rear fender of this parked car was about eighteen inches from the pavement. Plaintiff left the entrance to the rug mill, turned south and walked along the graveled strip on the west side of North Main Street. When she came to the parked car she looked before she started to go around it but didn't see anything. As plaintiff stepped around the parked car, she was struck by the right front fender of the car driven by defendant Hansen. Defendant Hansen had just brought another employee to the rug mill, and had stopped and let this employee out at a gate located approximately 40 feet northward from the gate used by plaintiff in leaving the mill. Defendant Hansen had then started driving southward on North Main Street, driving very slowly, approximately ten or fifteen miles per hour, and driving on the paved portion of North Main Street in the lane for southbound traffic. Defendant's car never left the paved portion of North Main Street, and stopped almost immediately after striking plaintiff, stopping within approximately five feet. Defendant Hansen did not blow her horn and the first time she saw plaintiff was when plaintiff stepped out into her car. The point where plaintiff was struck was not within a marked crosswalk or an unmarked crosswalk at an intersection.

[3]   Giving plaintiff the benefit of every inference in her favor which can reasonably be drawn from the foregoing evidence, there was no evidence that anything occurred to put defendant Hansen on notice that plaintiff intended to step around the parked car into the

path of defendants' car in time to afford Hansen an opportunity to blow her horn or to avoid striking the plaintiff. There was no evidence sufficient to submit to the jury as to any negligence on the part of the defendants. The motion for nonsuit was properly allowed and the judgment appealed from is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.