STATE OF NORTH CAROLINA v. GROVER CLEVELAND NORMAN AND
BILLY DEAN NORMAN

No. 6929SC275

(Filed 23 July 1969)

**Criminal Law § 159— failure to file stenographic transcript agreed to
by solicitor**

   Appeal is dismissed for failure to file with the record on appeal a sten-
ographic transcript of the evidence of the trial tribunal which had been
agreed to by the solicitor. Court of Appeals Rules 19(d)(2) and 48.

APPEAL by defendants from *McLean, J.,* at the January 1969
Session of McDOWELL Superior Court.

By indictment proper in form, defendants, father and son, were
charged with felonious breaking and entering and larceny. They
pleaded not guilty but the jury found them guilty as charged. From
judgments imposing substantial prison sentences as to Grover Cleve-
land Norman, the father, and lesser sentences as to Billy Dean
Norman, the son, to be served at a youthful offender's center, both
defendants appealed.

*Attorney General Robert Morgan and Staff Attorney Carlos W.
Murray, Jr., for the State.*

*Thomas White by Alton T. Cummings for defendant appellants.*

BRITT, J.

On 9 June 1969, the attorney general filed in this Court a mo-
tion to dismiss defendants' appeal pursuant to Rules 19(d)(2) and
48 of our Rules of Practice for the reason that defendants failed to
file the complete stenographic transcript of the evidence in the trial
tribunal with their record on appeal.

Our clerk's records disclose that the record on appeal was filed in
his office on 10 April 1969 and that defendants elected to state the
evidence under Rule 19(d)(2), but the transcript of testimony was
not filed until 10 June 1969. The judgments were entered on 10
January 1969, and the trial judge allowed defendants 30 days to
prepare and serve case on appeal and allowed the State 20 days
after such service to prepare countercase. The record contains a
statement by defendants' counsel that he "tendered" the case on
appeal on 9 April 1969. The solicitor of the Eighteenth Solicitorial
District filed a certificate in this Court on 11 June 1969 stating that
the case on appeal was served on him on 10 April 1969 (the same

day it was filed in this Court) and that no statement of the evidence or charge of the court was filed with him by the defendants. The transcript of testimony bears no certificate except that of the court reporter.

Although our Rule 19(d)(2) has been repealed by the Supreme Court, effective 1 July 1969, appeals heard during the 1969 Spring Session are not affected by the repeal. The pertinent portion of the rule provides as follows: "As an alternative to the above method (*as a part of the record on appeal* but not to be reproduced), the appellant shall cause the complete stenographic transcript of the evidence in the trial tribunal, *as agreed to by the opposite party or as settled by the trial tribunal* as the case may be, to be filed with the Clerk of this Court * * *" (Emphasis added.) For failure of defendants to comply with the rule, the motion to dismiss their appeal is allowed. *Inman v. Harper,* 2 N.C. App. 103, 162 S.E. 2d 629; *Shephard v. Highway Comm.,* 2 N.C. App. 223, 162 S.E. 2d 520.

Nevertheless, we have carefully reviewed the record before us, with particular reference to the assignment of error brought forward and discussed in defendants' brief, and find that defendants received a fair trial, free from prejudicial error.

Appeal dismissed.

MALLARD, C.J., and PARKER, J., concur.