SALLIE W. PRIDGEN v. HOLEMAN PRODUCE COMPANY.

(Filed 15 October, 1930.)

1. **Highways B f—Evidence held sufficient to take case to jury on question of proximate cause and intervening negligence.**

Evidence tending to show that the plaintiff was being driven by her husband in his automobile and that the driver of the defendant's truck. in attempting to pass the car in which she was riding, suddenly and without warning drove his truck back to the right of the road in front of the car driven by the plaintiff's husband before the truck had completely passed the car, and that her husband, to avoid a collision with the truck drove his car off the road and hit a filling station, causing the injury in suit, is *held,* sufficient to take the case to the jury upon the question of whether the negligence of defendant's driver was the proximate cause of the injury or whether the husband of the plaintiff was guilty of intervening negligence relieving the defendant of liability.

2. **Evidence K a—Husband may testify from his own observation as to the fact and extent of his wife's suffering from negligent injury.**

In the wife's action to recover damages for an alleged negligent personal injury it is competent for her husband to testify from his own observation both as to the fact and the extent of her suffering.

3. **Negligence B c—Acts of third person placed in imminent peril by defendant's negligence held not to be intervening negligence barring recovery.**

Where a driver negligently turns back to the right before having fully passed a car on the highway, subjecting the driver of the car in which the plaintiff is riding to imminent peril, the plaintiff's driver will not be held to the same deliberation or circumspection as he would in ordinary circumstances, and in this case his driving off the road and hitting a filling station is held not to constitute intervening negligence as a matter of law, which would insulate the negligence of the defendant, and relieve him from liability.

APPEAL by defendant from *Devin, J.,* at May Term, 1930, of WARREN. No error.

Action to recover damages for personal injuries caused by the negligence of the defendant.

Plaintiff was riding in an automobile driven by her husband on the highway from Raleigh to Wake Forest. Defendant's truck, loaded with produce and driven by one of its employees, overtook the automobile and attempted to pass on its left. Before the truck had passed the automobile, its driver, without warning, suddenly turned to his right, across the highway and in front of the moving automobile. The driver of the automobile, in order to avoid a collision, turned to his right, drove off the highway and crashed into a filling station. As the result, plaintiff sustained painful injuries to her person, for which she demands damages of the defendant.

Plaintiff contended that her injuries were caused by the negligence of the driver of defendant's truck; defendant denied that its driver was negligent as alleged in the complaint, and contended that plaintiff's injuries were caused by the negligence of the driver of the automobile; that if its driver was negligent, as alleged in the complaint, the proximate cause of plaintiff's injuries were not such negligence, but the negligence of the driver of the automobile.

The jury, in response to the issues submitted by the court, found that plaintiff was injured by the negligence of the defendant and assessed her damages at $1,500.

From judgment that plaintiff recover of the defendant the sum of $1,500, and the costs of the action, defendant appealed to the Supreme Court.

*Julius Banzet for plaintiff*
*Smith & Joyner for defendant.*

CONNOR, J. We find no error in the trial of this action. It was competent for plaintiff's husband to testify, from his observation, both as to fact and as to the extent of her suffering. The jury was properly and correctly instructed as to the principles of law discussed and applied in *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761, relative to the negligence of a third party which insulates the negligence of the defendant, and is, therefore, the proximate cause of plaintiff's injuries. There was ample evidence to sustain the finding of the jury that the proximate cause of plaintiff's injuries was the negligence of the driver of the truck, for which defendant was liable on the principle of *respondeat superior.*

There was evidence tending to show that the driver of the automobile, in which plaintiff was riding, was confronted by a sudden peril caused by the negligence of the driver of defendant's truck. It is doubtful whether there was evidence tending to show that he acted otherwise than as a prudent man under the circumstances, which constituted an emergency. In *Hinton v. R. R.,* 172 N. C., 587, 90 S. E., 756, it is said: "It is well understood that a person in the presence of an emergency is not usually held to the same deliberation or circumspect care as in ordinary conditions." If the conduct of the driver of the automobile was not such negligence as would bar his recovery, it is manifest that such conduct was not negligence insulating the negligence of the defendant, and therefore relieving defendant of liability to the plaintiff in this action, because its negligence was not the proximate cause of her injuries. The judgment is affirmed. We find

No error.