ELIZABETH C. MUNDEN, BY HER NEXT FRIEND, MRS. BESSIE W. COHOON, v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 4 May, 1938.)

1. Evidence § 43d—
    Where the physical condition of insured after he had played in a football game is the subject of inquiry, testimony of his declarations at the time to the effect that he felt bad, is competent.

2. Insurance § 41—In action on double indemnity clause, insured's physical condition after alleged accident causing death is subject of inquiry.
    Insured died a few hours after playing in a football game. Plaintiff beneficiary contended that the embolus causing death resulted from a blow received while he was playing in the game, and that therefore insured's death resulted from bodily injuries sustained solely through external, violent and accidental means within the terms of a double indemnity clause in the policy. *Held:* The physical condition of insured immediately after the game was a proper subject of inquiry, and testimony of declarations by insured at that time as to his bodily feeling was properly admitted.

3. Trial § 16: Appeal and Error § 39d—
    When the trial judge instructs the jury that certain evidence introduced is withdrawn, and that they should not consider it in their deliberations, the admission of such evidence will not be held for error.

**4. Appeal and Error § 39d—**

   An exception to the admission of certain evidence will not be sustained when the evidence is rendered meaningless and its admission harmless by the withdrawal of other evidence upon which it was predicated and which alone gave it meaning.

**5. Evidence § 52—**

   When there is sufficient evidence to support the hypothesis, the fact that there is conflict in the evidence relating thereto does not render the hypothetical question incompetent, and the answer is competent if it is sufficiently definite in regard to the fact in dispute.

BARNHILL, J., dissents.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Frizzelle, J.,* at October Term, 1937, of PASQUOTANK. No error.

*M. B. Simpson and John H. Hall for plaintiff, appellee.*
*Worth & Horner for defendant, appellant.*

SCHENCK, J. This is an action to recover double indemnity on a policy of insurance issued by the defendant upon the life of John Rex Munden, containing a provision, *inter alia,* as follows: The defendant "hereby agrees to pay to the beneficiary or beneficiaries of record under said policy, in addition to the amount payable according to the terms of said policy, the sum of $1,000 upon receipt, at the Home Office of the company in the City of New York, of due proof of the death of the insured, as the result, directly and independently of all other causes, of bodily injuries, sustained solely through external, violent and accidental means . . ."

The defendant has paid into the court for the benefit of the plaintiff, wife of the insured and the person to whom the benefits under the policy had been changed, "the amount payable according to the terms of the policy," but has denied its liability for an additional amount due to the death of the insured resulting from external, violent and accidental means.

The issues submitted and answers made thereto are as follows:

"1. Did John R. Munden, on or about 1 January, 1937, come to his death as the result, directly and independently of all other causes, of bodily injuries sustained solely through external, violent and accidental means? A. 'Yes.'

"2. In what sum, if any, is the defendant indebted to the plaintiff? A. .............."

It was agreed that the court might answer the second issue in the event that the first issue was answered in the affirmative.

Upon the verdict the court entered judgment for the plaintiff for the sum of $1,000, and interest, from which defendant appealed.

All of the assignments of error relate to the rulings of the court upon the admission of the evidence offered by the plaintiff.

The plaintiff's evidence tended to show that the insured participated in a football game on the afternoon of 1 January, 1937; that he received bodily injuries in the course of the game, that at the conclusion of the game, about 4:15 o'clock p.m., he walked seven or eight blocks from the football field to the dressing room, that during this walk and at the dressing room he said he "felt bad" and was complaining, and that soon after leaving the dressing room he still complained of feeling bad; that about 7:30 or 8:00 o'clock p.m. he went to his room and complained of feeling bad and soon asked that a physician be called, that when the physician arrived about 9:00 o'clock he was dead. The evidence further tended to show that upon an autopsy it was found that he died from "an embolus that blocked the artery, the left auricle of the heart."

The first group of assignments of error are to the admission, over objection, of the testimony of the witnesses to the effect that between the time of the conclusion of the game, about 4:15 o'clock p.m., and the time he lapsed into unconsciousness, about 8:30 o'clock p.m., the insured stated he was feeling bad, or words to that effect. Illustrative of the evidence assailed by this group of assignments is the following: "Question: Tell us, in substance, what he said, if anything, between the field, playing field, and the dressing room as you walked along? Answer: He said he felt bad." These assignments of error cannot be sustained. "It is very generally held that when the physical condition of a person is the subject of inquiry, his declarations as to his present health, the condition of his body, suffering and pain, etc., are admissible in evidence." *Howard v. Wright,* 173 N. C., 339 (bottom of p. 342).

The second group of assignments of error are to the admission, over objection, of the testimony of a witness to the effect that about one and one-half hours before his death the insured stated "he thought somebody had kneed him or something" and "I got knocked on the chest" and to permitting a witness to answer a hypothetical question embodying these statements. If the trial judge erred in admitting the evidence assailed by these assignments, such error was cured by his subsequently striking such evidence from the record. There appears in the record the following: "Immediately after the convening of court after the noon session the court instructed the jury: 'Gentlemen of the jury, this morning I admitted in evidence, over the objection of counsel for the defendant, testimony as to statements or declarations made by John Rex Munden, one to the effect that someone had kneed him in the football game and another to the effect that he had received a blow in the chest, or about the body. Upon reflection, I do not think that testimony,

evidence of those declarations, is admissible and I now strike it from the record and ask you gentlemen not to consider it as testimony now, and I also instruct you gentlemen to disregard and not consider the testimony of Dr. Bailey given at the morning session, in answer to hypothetical question asked by counsel for plaintiff to the effect that in his opinion the cause of the embolus was due to some blow received during the football game.' "

When the trial judge instructs the jury that certain evidence introduced is withdrawn, and they shall not consider it in their deliberations, the admission of such evidence will not be held for error. *Ferebee v. R. R.,* 167 N. C., 290; *Raulf v. Light Co.,* 176 N. C., 691.

The third group of assignments of error are to the admission in evidence, over objection, of the testimony of a witness as to what is meant in football parlance by "kneed him." If this evidence was not stricken out by the court it was rendered meaningless and harmless by the striking out of the evidence as to the insured's statement as to being kneed, and these assignments cannot be held for reversible error.

The appellant assigns as error the admission in evidence, over objection, of testimony of a witness to the effect that the insured said a short time before he died, "If I ever play in a football game again, I hope somebody kicks me." This testimony was by the same witness who testified as to insured's statements relative to having been "kneed" and "struck on the chest" and with the latter testimony being stricken from the record the former was rendered meaningless and harmless.

The appellant's assignments of error which relate to the hypothetical question propounded to and answered by an expert witness, a physician, are untenable. While the evidence was conflicting, there was evidence upon which to base the hypothesis that the insured "received a blow by reason of an opposing player falling upon him while he was on his back and that he was assisted from the field, and did not play any more during the game." While the witness' answer to the hypothetical question manifests some hesitancy, it is to the effect that the embolus, which he had theretofore testified he had found, upon an autopsy, to have caused the insured's death, was, in his opinion, due to a blow received in a football game.

The case was submitted to the jury upon a charge to which no exceptions were taken. There was no demurrer to the evidence. We find no prejudicial error in the ruling of the court upon the admission of the evidence. The judgment therefore must be affirmed.

No error.

BARNHILL, J., dissents.

SEAWELL, J., took no part in the consideration or decision of this case.