CECIL INMAN v. FOSTER JINKS HARPER AND E. C. SANDERS, T/A WACCAWAY FARMS, ORIGINAL DEFENDANTS, AND MARSHALL C. HALL, ADDITIONAL DEFENDANT

No. 68SC180

(Filed 14 August 1968)

1. **Appeal and Error § 41—   stenographic transcript — failure to provide appendix to brief setting forth pertinent evidence — appeal dismissed**

Where appellant files with the clerk a stenographic transcript of the evidence at the trial but fails to provide an appendix to the brief setting forth "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof," the appeal will be dismissed by the Court of Appeals. Court of Appeals Rule No. 19(d) (2).

2. **Appeal and Error § 45—   exceptions not argued in brief — abandoned**

Exceptions and assignments of error not brought forward in the brief are deemed abandoned.

**3. Evidence § 39— testimony of declarations of bodily feeling**

In an action for personal injuries, testimony by lay witnesses of statements made to them by plaintiff as to her physical and mental condition and by plaintiff's physician as to the medical history he took from plaintiff is properly admitted into evidence even though plaintiff did not testify.

**4. Damages § 12; Pleadings § 33— amendment of complaint during trial to allege traumatic neurosis**

In an action for injuries arising out of an automobile accident, the court properly allowed plaintiff to amend her complaint during the trial to specifically allege a traumatic neurosis and depressive reaction where the original complaint alleged that in addition to her physical injuries plaintiff "has suffered severe mental anguish and depression about her physical condition since the accident and has become highly nervous to the extent she is nearing the point of a nervous break-down," and where the amendment contained no matter not included in depositions of plaintiff's psychiatrist and other physicians, the amendment being for clarification and constituting no surprise to defendants.

**5. Damages § 12— pleadings — traumatic neurosis**

In an action for injuries arising out of an automobile accident, plaintiff's allegations that in addition to physical injuries she "has suffered severe mental anguish and depression about her physical condition since the accident and has become highly nervous to the extent she is nearing the point of a nervous break-down" is a sufficient predicate for the admission of evidence that plaintiff suffers from a traumatic neurosis and depressive reaction.

**6. Witnesses § 5— prior consistent statements — exclusion**

In an action for injuries arising out of an automobile accident, the exclusion of testimony by a defense witness of prior consistent statements she had made to plaintiff's attorney while he was representing the witness for injuries arising out of the same accident will not be held prejudicial error where the witness testified that she had not told the attorney anything to which she had not testified at the trial, that she told her own story as she knew it to be, and that the attorney had never told her anything to say.

**7. Automobiles §§ 16, 90— duty to give warning before attempting to pass — instructions**

In an action against the driver of an automobile in which plaintiff was a passenger and the driver of a truck with which the automobile collided while attempting to pass the truck, failure of the court in instructing upon G.S. 20-149(b) to charge that the warning required of a motorist before attempting to pass a vehicle traveling in the same direction must be timely given will not be held error prejudicial to the driver of the truck where he contended that no warning at all was given, and where the charge as a whole instructed the jury on the duty of defendants to exercise due care.

APPEAL by original defendants from *Clark, J.,* 8 January 1968, Civil Session, COLUMBUS Superior Court.

Plaintiff, a passenger in the automobile driven by the additional defendant (hereinafter referred to as Hall), was injured when the automobile was in collision with a truck driven by original defendant Foster Jinks Harper and owned by original defendant E. C. Sanders, t/a Waccaway Farms. Upon trial of the matter, the jury found original defendants guilty of negligence, that there was no joint and concurrent negligence on the part of Hall, and awarded plaintiff a recovery in the amount of $16,000.00. From judgment thereon, the original defendants appealed.

*D. Jack Hooks and Marshall and Williams by Lonnie B. Williams for original defendant appellants.*

*John W. Jenrette, Jr. and R. C. Soles, Jr. by R. C. Soles, Jr. for plaintiff appellee.*

*James, James & Crossley by John F. Crossley for additional defendant appellee.*

MORRIS, J.

[1]  Original defendants note 154 exceptions and 19 assignments of error. They have filed a copy of the transcript of the testimony and state that the evidence is submitted under Rule 19(d)(2). They have failed to comply with that rule, however. The rule provides, as an alternative to the narration of the evidence, the filing of "the complete stenographic transcript of the evidence", "and then the appellant in an appendix to his brief shall set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof." This original defendants have failed to do. For failure to comply with the rules of this Court, the appeal is dismissed.

[2]  We have, nevertheless, carefully considered the exceptions and assignments of error brought forward and argued in original defendants' brief. Those not brought forward are deemed abandoned. *Capune v. Robbins*, 273 N.C. 581, 160 S.E. 2d 881. We find no reversible error.

[3]  Original defendants contend that the court erred in permitting witnesses to testify as to statements made to them by plaintiff with respect to her physical and mental condition and in permitting one of plaintiff's physicians to testify as to the medical history he took from plaintiff. Plaintiff did not testify, and there was evidence that she was not present at the trial.

Where the existence of and extent of pain and suffering are relevant to damages or other issues, lay witnesses may testify with respect to declarations made by another as to the other's then existing pain or other physical discomfort. Stansbury, N. C. Evidence 2d, § 161, and cases there cited.

In *Munden v. Insurance Co.*, 213 N.C. 504, 196 S.E. 872, a case frequently cited in support of the general rule, the Court said:

> "It is very generally held that when the physical condition of a person is the subject of inquiry, his declarations as to his present health, the condition of his body, suffering and pain, etc., are admissible in evidence."

For an exhaustive annotation, see 90 A.L.R. 2d 1072. We find no authority that the general rule is not applicable where the plaintiff does not testify. The reason for the rule would seem to require no distinction.

> "Since pain is a subjective matter which only the suffering person directly experiences, its existence can be proved directly only by the testimony of the sufferer. Since the direct testimony of the person claiming to have suffered pain in the past is sometimes felt to be weak, in that the trier of the fact may suspect him of exaggerating, attempts are often made to prove by others that he manifested his sufferings at other times, when he was not likely to have been motivated by his interest in the litigation." 90 A.L.R. 2d 1073.

[4, 5]    Plaintiff's complaint alleged that she "suffered severe and painful wrenching contusion injuries of the neck and dorsal spine, together with multiple contusions and abrasions, about her entire head and body; that she received extensive medical treatment including treatment from an orthopedic surgeon and confinement in the hospital for a long period of time; that she has constant stabbing pains in her eyes going through to the back of her head and has suffered a loss of the sense of smell; that, immediately after the accident, she began having a numbness in both arms and soreness in the area of her hip, back and neck, which still exist at the time of the filing of this complaint; that she also began losing weight and has lost thirty-five pounds; that she has suffered severe mental anguish and depression about her physical condition since said accident and has become highly nervous to the extent that she is nearing the point of a nervous break-down and must take daily medication to relax her nervous condition."

During the course of the trial and on the second day thereof,

the court, in its discretion, allowed plaintiff to amend her complaint as follows:

> "That, as a result of the negligence of the defendant set out above and the collision which resulted therefrom, the plaintiff suffered severe and painful wrenching, contusion injuries of her neck and dorsal spine, together with multiple contusions and abrasions about her entire head and body; that she received extensive medical treatment including treatment from an orthopedic surgeon and confinement in the hospital for a long period of time; that she has constant stabbing pains in her eyes going through to the back of her head and has suffered a loss of the sense of smell; that, immediately after the accident, she began having a numbness in both arms and soreness in the area of her back and neck which still exist at the time of filing this complaint; that she also began losing weight and has lost 35 pounds; that she has been extremely nervous and depressed; that, in addition to her physical injuries and disabilities, she suffered severe mental anguish and depression and these disorders are emotional disorders and disabilities and are in addition to the physical disorders and disabilities which she also suffered;
>
> that her mental anguish, depression and emotional disabilities have increased to the extent that she is nearing the point of a complete nervous breakdown and must take daily medication to relax her nerves, depression and emotional problems; that she has become a victim of traumatic neurosis and depressive reaction."

Original defendants contend this was prejudicial error for that they were entitled to pleading notice that plaintiff sought recovery for a traumatic neurosis, that the complaint as originally filed contained no such notice. The original complaint alleged that plaintiff "has suffered severe mental anguish and depression about her physical condition since said accident and has become highly nervous to the extent she is nearing the point of a nervous break-down and must take daily medication to relax her nervous condition." Additionally defendants had had notice of the taking of the deposition of Dr. Herbert, a psychiatrist, attended the taking of the deposition, and cross examined. The court in allowing the amendment stated that the amendment was a clarifying amendment, contained no matters not contained in the depositions of physicians and, therefore, no surprise to any of the defendants. In allowing the amendment, we find no error. Neither do we find error in the admission of evidence of a depressive reaction in plaintiff. This would be admissible under the

original or amended complaint. We do not consider the original complaint defective under the ruling of *Thacker v. Ward*, 263 N.C. 594, 140 S.E. 2d 23, as original defendants contend. There the allegations held insufficient to allege traumatic neurosis were "his nervous system was severely shocked and damaged and his ability to sleep was and has been permanently impaired", and "that as a direct result of these specific injuries plaintiff has suffered excruciating pain and mental anguish". Defendant requested that the court charge the jury that it could not include damages for psychological injuries in any award to plaintiff, and the court so charged. On appeal the Court held that the allegations of both physical pain and mental suffering as well as severe shock to his nervous system were not a sufficient foundation for recovery of damages for traumatic neurosis.

The refusal of the court to charge the jury, as requested by original defendants, that "you are to allow plaintiff no damages for psychological complaints" was not error.

Original defendants' objection to the court's overruling the objection to the hypothetical question asked Dr. Piggot and the court's denying the motion to strike his answer thereto are without merit. Conceding that the question was not a model hypothetical question, nevertheless, we cannot say that the allowing of question and answer thereto was so prejudicial as to constitute reversible error.

Original defendants also contend that the entire depositions of Drs. Johnson and Herbert should have been stricken. This contention is without merit. Plaintiff's evidence showed a connected medical treatment. Although the doctors first treated plaintiff several months after the accident, the evidence was that she had not been released from medical or psychiatric care since the accident and went to these doctors by referral from another doctor. Both testified to the history given them by plaintiff, and this was properly admissible. *Moore v. Drug Co.*, 206 N.C. 711, 175 S.E. 96; anno. 130 A.L.R. 977.

[6]    Defendants' witness, wife of defendant Harper, testified. Defendants sought to offer, by her testimony, prior consistent statements made by her to plaintiff's attorney at the time he was representing her for injuries resulting from the same accident. She testified, both on direct and cross-examination and without objection, that she had not told the attorney anything to which she had not testified at the trial, that she had told her own story as she knew it to be, and the attorney had never told her anything to say. The exclusion of the testimony offered did not constitute prejudicial error.

[7]　The remaining assignment of error is to the charge of the court. The original defendants contend that the trial judge committed prejudicial error in failing to give the jury adequate instructions with respect to G.S. 20-149(b), which provides that the driver of an overtaking motor vehicle, not within a business or residential district, shall give an audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction. Plaintiff's evidence was that the additional defendant sounded his horn as he came up behind the truck and started to pass. Original defendants' evidence was that the horn was not blown at all. Original defendants contend that the court should have specifically instructed the jury that the warning given should have been timely. Original defendants rely on *Cowan v. Transfer Co. and Carr v. Transfer Co.*, 262 N.C. 550, 138 S.E. 2d 228. There the question was whether the court should have instructed the jury that a violation of the statute was not negligence *per se*. The Court approved the instruction given which did include timely warning. However, the Court further instructed that "it boils down to a duty to use reasonable care". Taking the charge in this case as a whole, the jury was fully and clearly instructed that original defendants' duty was to exercise reasonable care under the circumstances. The contention of original defendants is not that the warning signal was not timely, as in *Sheldon v. Childers*, 240 N.C. 449, 82 S.E. 2d 396, but that no warning at all was given. Considering the charge in its entirety, we find it free from prejudicial error.

Appeal dismissed.

CAMPBELL and BRITT, JJ., concur.