BRUCE E. COMER, A MINOR, BY AND THROUGH HIS NEXT FRIEND, E. L. COMER v. HAROLD P. CAIN, RALPH SHAW AND LAFAYETTE MOTOR SALES OF FAYETTEVILLE, A CORPORATION

No. 7020SC337

(Filed 15 July 1970)

1. **Rules of Civil Procedure § 51—   instructions — contentions of the parties — unequal length**

    Plaintiff was not prejudiced by the fact that the trial court used more words to state defendants' contentions on the issue of contributory negligence than he used to state plaintiff's contentions on the issue.

2. **Games and Exhibitions § 2—   contributory negligence of spectator — instructions**

    In an action by a drag race spectator to recover for injuries sustained when he left the stands, along with other spectators, in order to view a disabled car, the trial court's instructions were not susceptible to interpretation that plaintiff's mere presence on the track was sufficient to permit a finding of contributory negligence if the presence was a proximate cause of the injury, where the instructions, when considered contextually, made it clear that plaintiff would be guilty of contributory negligence only if he failed to keep a proper lookout or to exercise due care for his own safety.

APPEAL by plaintiff from *McConnell, J.,* 19 January 1970 Regular Civil Session, MOORE Superior Court.

COMER *v.* CAIN

This is a civil action in which plaintiff seeks to recover damages for personal injuries sustained by him as the result of being struck by a trailer allegedly owned by defendants Cain and Shaw and pulled by a Ford automobile owned by the corporate defendant.

The complaint alleged and the evidence tended to show: On the afternoon of 29 August 1965, plaintiff, 16 years old at the time, was a paid spectator at a "drag race" or exhibition at the Sanford Drag Strip. A 1965 Mustang automobile was giving a speed exhibition but developed mechanical trouble on the race track some 200 or 300 feet from the starting line. A large number of the spectators, including plaintiff, left the stands and went onto the track for purpose of investigating the cause of the Mustang's disability. One of the defendants was slowly driving the Ford pulling the trailer on the track, making his way to the Mustang for purpose of removing it from the track. Plaintiff "hopped" on the trailer and rode to a point some 100 feet from the Mustang after which he alighted from the trailer and proceeded to the right side of the disabled car. The Ford and trailer proceeded on at slow speed in an attempt to get through the crowd, pass by the right side of the Mustang and get in front of it. As the trailer which was a little wider than the Ford approached the point where plaintiff was standing, someone yelled, "Watch out." Plaintiff turned (evidently to his left) and the left front wheel of the trailer passed over his right foot after which a protruding medal blade on the hubcap on the left rear wheel of the trailer struck and severely cut the calf of plaintiff's right leg.

Plaintiff alleged that the driver of the Ford pulling the trailer was negligent "in that he drove said Ford car and trailer into a crowd of people, including plaintiff, whose attention was directed to a disabled car, without giving them adequate warning of his approach, without keeping a proper lookout and without keeping said Ford car and trailer under proper control * * *." In their answer defendants pleaded contributory negligence on the part of plaintiff including allegations that plaintiff left a place of safety and entered into a place of danger when he knew or, by the exercise of due care, should have known that he might receive some type of bodily injury, that he failed to keep a proper lookout and failed to exercise ordinary care for his own safety under the existing circumstances.

Issues of negligence, contributory negligence and damage were submitted to the jury who answered the first and second issues yes. From judgment denying recovery and dismissing the action, plaintiff appealed.

*Pittman, Staton & Betts by Lowry M. Betts for plaintiff appellant.*

*William D. Sabiston, Jr., for defendant appellees.*

BRITT, J.

Plaintiff's two assignments of error are to portions of the trial judge's jury instructions relating to the issue of contributory negligence.

[1] First, plaintiff contends that the court committed prejudicial error by failing to give equal stress to the contentions of plaintiff on the issue of contributory negligence, in contravention of Rule 51 (a) of the Rules of Civil Procedure. We do not think this assignment of error has sufficient merit to justify a new trial, therefore, it is overruled. It is well-settled in this jurisdiction that the trial court is not required to state the contentions of the parties, but when it undertakes to state the contentions of one party upon a particular phase of the case, it is incumbent upon the court to give the opposing contentions of the adverse party upon the same aspect; however, it is not required that the statement of such contentions be of equal length. 7 Strong, N.C. Index 2d, Trial, § 24, p. 336. Although in the instant case the trial court used more words to state defendants' contentions on the issue of contributory negligence, we think the court sufficiently stated plaintiff's contentions on the issue.

[2] In his second assignment of error, plaintiff contends the trial court erroneously instructed the jury that plaintiff's mere presence on the race track, if a proximate cause of the accident, was sufficient to permit a finding of contributory negligence. The pertinent portion of the charge which is the subject of this assignment of error is as follows:

> "Therefore, I charge you that if the defendant has satisfied you from the evidence and by its greater weight that on this occasion the plaintiff Bruce Comer was negligent in one or more of those respects, that is that he went out on the track, that he rode on the tow car and knew it was approaching, and that *thereafter* he failed to keep a proper lookout, or failed to exercise due care for his own safety, and not only that he was negligent in one or more of those respects, but that his negligence was one of the proximate causes of the resulting collision with the trailer and his injury, if the defendant has so satisfied you from the evidence and by its greater weight, it would be your duty to answer the second issue YES * * *." (Emphasis added.)

We do not agree with the construction placed by plaintiff on the quoted portion of the charge. The quoted portion follows a paragraph in which the court stated defendants' contentions on the second issue, and after reviewing the evidence pertinent to defendants' contentions stated: "* * * and his [plaintiff's] actions in not keeping a proper lookout, not exercising due care for his own safety were negligence, and that his negligence was one of the proximate causes of the resulting collision and injury to the plaintiff." When the instruction quoted above is considered together with the instruction immediately preceding it, we think the court made it clear that if plaintiff were guilty of contributory negligence it was in failing to keep a proper lookout or failing to exercise due care for his own safety. We also think that the word "thereafter" emphasized above is significant in that it separated a statement of something that plaintiff did — "went out on the track * * * rode on the tow car and knew it was approaching" — from a statement of two acts or omissions that would constitute contributory negligence. We hold that plaintiff was not prejudiced by this portion of the charge and the assignment of error relating thereto is overruled.

Although defendants' brief indicates that defendants timely moved for a directed verdict, the disallowance of such motion or motions, if made, is not before us and we do not pass upon the sufficiency of the evidence to make out a case of negligence against the defendants or the showing of contributory negligence on the part of plaintiff as a matter of law.

No error.

BROCK and HEDRICK, JJ., concur.