RACHEL ELVA RECTOR, PLAINTIFF v. TOMMY JAMES AND JAMES ADAM TEAGUE D/B/A J. A. ANDREWS COMPANY AND CLYDE CLEMMON FOXX, AGENT, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. VERA JANE RECTOR KENNEDY AND JOHN ALLEN KENNEDY, THIRD-PARTY DEFENDANTS

No. 7822SC719

(Filed 15 May 1979)

1. **Appeal and Error § 48.2— objection to evidence—similar evidence admitted without objection—objection waived**
     Defendants waived their objection to evidence by a State Trooper where they subsequently offered similar evidence themselves.

2. **Evidence § 44— physical pain—nonexpert opinion evidence**
     A nonexpert witness may testify as to pain suffered by another, based upon his personal observation.

3. **Automobiles § 53.2— passing in intersection—collision—no directed verdict**
     In an action to recover for injuries sustained when the pickup truck in which plaintiff and third-party defendant were riding collided with a tractor-trailer driven by one defendant, the trial court properly denied defendants'

motions for directed verdict where the evidence tended to show that defendant was negligent in operating his truck by attempting to pass at an intersection, that this negligence was a proximate cause of the injuries sustained, and that the driver of the pickup was not contributorily negligent as a matter of law.

**4. Automobiles § 90.9— instructions—parties' contentions—double yellow line—stopping at stop sign**

In an action to recover for injuries sustained in an automobile accident, instructions by the trial court were proper with respect to defendants' contentions, the purpose of a double yellow line, and evidence as to whether the third-party defendant driver failed to stop at a stop sign.

**5. Evidence § 3.4— permanent scarring—judicial notice of mortuary tables**

Permanent scarring is sufficient evidence to permit judicial notice of mortuary tables.

APPEAL by defendants from *Collier, Judge.* Judgment entered 8 May 1978 in Superior Court, IREDELL County. Heard in the Court of Appeals 26 April 1979.

Plaintiff sued defendants for damages for personal injuries. On 28 July 1976, plaintiff sustained injuries to her head and knee when the 1975 pickup truck in which she was a passenger collided with a 1973 Kenworth tractor-trailer being operated by defendant Foxx.

Defendants denied plaintiff's allegations and filed a third-party complaint joining Vera Jane Rector Kennedy, the driver of the pickup truck, and John Allen Kennedy, the owner of the pickup truck, as third-party defendants, alleging their negligence was responsible for any injuries or damages plaintiff sustained, and requesting contribution. The Kennedys filed an answer and counterclaim against the defendants for personal injuries and property damages resulting from the alleged negligence of defendants.

The jury returned a verdict for plaintiff and third-party defendants, awarding $28,000 to plaintiff, Rachel Elva Rector, $10,000 for personal injuries to third-party defendant Vera Jane Rector Kennedy and $6,000 for property damage to third-party defendant John Allen Kennedy. Defendants appeal from this judgment.

*Harris and Pressly, by Edwin A. Pressly, for plaintiff appellee.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for defendant appellants.*

*Pope and McMillan, by C. H. Kutteh II, for third-party defendant appellees.*

MARTIN (Harry C.), Judge.

[1]  Defendants present several assignments of error on appeal. The first assignment is a twofold challenge to the admission in evidence of certain testimony. First, defendants objected to testimony by trooper Davis that defendant Foxx was convicted of a traffic violation as a result of the accident. Immediately thereafter, he further testified without objection as to what those convictions were. Subsequently, defendant Teague testified without objection on cross-examination that defendant Foxx was convicted of driving on the wrong side of the road and pled guilty to driving after his license was revoked. Assuming, *arguendo*, that defendants' first objection to this evidence was valid, we hold that defendants waived the benefit of their objection. "The general rule is that when evidence is admitted over objection and the same evidence is thereafter admitted without objection, the benefit of the objection is lost." *State v. Smith*, 290 N.C. 148, 163, 226 S.E. 2d 10, 19, *cert. denied*, 429 U.S. 932, 50 L.Ed. 2d 301 (1976); *Dunes Club v. Insurance Co.*, 259 N.C. 293, 130 S.E. 2d 625 (1963).

[2]  Second, defendants objected to testimony by witness Timothy Dwayne Rector, son of the plaintiff, as to the pain his mother experienced and her condition when he visited her in the hospital and when she came home. He lived with his parents. Defendants contend the testimony was hearsay, incompetent and prejudicial because the witness testified to things that were not within his realm of knowledge. The witness testified as to what he observed and heard, and formed the opinion that his mother was in pain. Pain is a mental condition that may be the result of physical injury. It is often manifested in the actions, statements, utterances and behavior of the injured person which may be observed by another. The witness had reasonable opportunities to observe his mother at the hospital and at home, and to form an

opinion concerning her pain and suffering. We hold a non-expert witness may testify as to pain suffered by another, based upon his personal observation. *Pridgen v. Produce Co.*, 199 N.C. 560, 155 S.E. 247 (1930). The first assignment of error is overruled.

[3]  Defendants challenge the trial court's denial of their motions for directed verdict at the close of their evidence and at the close of third-party defendants' evidence, respectively. They contend there was insufficient evidence to support the claim of plaintiff and the crossclaim of third-party defendants, and that the evidence showed Vera Jane Rector Kennedy contributorily negligent as a matter of law. Taking the evidence as true and considering it in the light most favorable to plaintiff and the third-party defendants, the evidence tends to show:

On the morning of 28 July 1976, plaintiff was a passenger in a 1975 pickup truck operated by Vera Kennedy and owned by John Kennedy. They were travelling north along State Road 1637 as they approached its intersection with Highway 90, where a duly erected stop sign controls traffic on State Road 1637 entering Highway 90. The pickup truck stopped at the intersection. Vera Kennedy intended to turn right at the intersection onto Highway 90 to travel in an easterly direction. At the intersection, plaintiff and Vera Kennedy observed a green car coming from their right travelling west and did not see any traffic coming from their left travelling east. Vera Kennedy entered the intersection to proceed with her right turn. Highway 90 east and west of the intersection was designated as a no passing zone, and was duly marked as such by solid double yellow lines down the center of the highway. Then plaintiff and Vera Kennedy observed defendant Foxx, travelling west in a 1973 Kenworth tractor-trailer, pull out from behind the green car, cross the double yellow lines, and proceed to pass it in the eastbound lane of travel. The front of the pickup truck collided with the rear of the tractor-trailer.

Both plaintiff and Vera Kennedy presented evidence to establish injuries resulting from the collision. John Allen Kennedy presented evidence of the damage to his 1975 pickup truck.

A motion for directed verdict tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the claimant. *Manganello v. Permastone, Inc.*, 291 N.C. 666,

231 S.E. 2d 678 (1977). In considering the motion for directed verdict, the evidence must be taken as true and considered in the light most favorable to plaintiff and third-party defendants. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971); *Wilson v. Auto Service*, 20 N.C. App. 47, 200 S.E. 2d 393 (1973). "The general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E. 2d 506, 510 (1976); *Harrington v. Collins*, 40 N.C. App. 530 (1979). Taking the evidence in the light most favorable to the plaintiff and third-party defendants, there is evidence that Foxx was negligent in operating defendants' tractor-trailer truck by attempting to pass at an intersection and that this negligence was a proximate cause of the injuries sustained. N. C. Gen. Stat. 20-150(c); N.C. Gen. Stat. 20-147; *Crotts v. Transportation Co.*, 246 N.C. 420, 98 S.E. 2d 502 (1957). The evidence did not establish that Vera Kennedy was contributorily negligent as a matter of law. We find the trial court properly denied defendants' motions for directed verdict. The second and third assignments of error are without merit.

**[4]** Defendants contend the court erred in its charge to the jury. First, defendants contend the trial judge failed to give equal stress to the contentions of defendants in contravention of Rule 51(a) of the Rules of Civil Procedure. Although the trial court is not required to state the contentions of the parties, if it undertakes to do so, it must give the contentions of all parties. *Comer v. Cain*, 8 N.C. App. 670, 175 S.E. 2d 337 (1970). Defendants argue the charge failed to state defendants' contentions that Vera Kennedy failed to see that her movement could be made in safety and that she failed to keep a proper lookout. These very contentions of defendants were recited by the trial judge in the charge, although they were not given immediately after the court stated the contentions of the plaintiff and third-party defendants. Just as the length of the statement of contentions does not have to be exactly equal, the order of stating the contentions of each party does not have to follow any precise sequence. *Id.* Objections to the statement of contentions must ordinarily be brought to the attention of the court before verdict, otherwise they are deemed to

be waived. *Doss v. Sewell*, 257 N.C. 404, 125 S.E. 2d 899 (1962). The charge viewed as a whole states the contentions of the parties fairly and evenly, without prejudice to appellants.

Second, defendants contend the charge was inadequate because the instructions on the purpose of double yellow lines should have been more elaborate. We find these instructions to have been adequate and proper. Furthermore, defendants did not timely request additional instructions and therefore cannot now argue that the instructions were inadequate. *King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265 (1960). If defendants desired greater elaboration on a particular point of the case, they had the duty to make a special request therefor prior to verdict. Such request should be made before argument of counsel, in writing and signed by counsel. *State v. Boyd*, 278 N.C. 682, 180 S.E. 2d 794 (1971).

Defendants argue the trial court erred by instructing the jury that there was no evidence Vera Kennedy failed to stop at the stop sign. The charge to the jury must explain the law as it applies to the evidence in the case. *Price v. Conley*, 12 N.C. App. 636, 184 S.E. 2d 405 (1971). All the evidence indicated Vera Kennedy did stop at the stop sign; therefore the instruction was correct. This instruction did not foreclose consideration by the jury of the defense of contributory negligence.

[5] Defendants contend the trial court erred in admitting into evidence on its own motion and instructing the jury on the mortuary tables and that the evidence failed to substantiate claims for permanent injuries justifying use of the mortuary tables. Judges, of their own motion, may take judicial notice of mortuary tables when facts are in evidence requiring their application. *Chandler v. Chemical Co.*, 270 N.C. 395, 154 S.E. 2d 502 (1967). Here, there was evidence that plaintiff and Vera Kennedy sustained permanent facial scars resulting from injuries received in the accident. Plaintiff's head was cut requiring thirty-six stitches. Vera Kennedy had a cut over her right eye and a fracture of the distal end of the radius at the wrist. Plaintiff also received an injury to her left leg and knee that still had some residual effect when last seen by the doctor and which plaintiff testified still bothered her. Permanent scarring is sufficient evidence to permit judicial notice of mortuary tables. *Id.* We find no error in the court's charge.

We have carefully considered appellants' arguments with respect to the motion for judgment notwithstanding the verdict and the amount of the verdicts. We find them to be without merit. The case was submitted to the twelve and they resolved the issues against the appellants. In the trial we find

No error.

Judges PARKER and MITCHELL concur.