JUDY JENKINS ROBERTS v. EARL DAVID EDWARDS

No. 8019SC202

(Filed 16 September 1980)

**Evidence §§ 34.6, 44– nonexpert witness – observation of pain and suffering – complaints by plaintiff**

In an action to recover for injuries sustained in an automobile accident, the trial court erred in the exclusion of testimony by plaintiff's mother, plaintiff's husband and another witness concerning their observations with respect to plaintiff's pain and suffering from back and neck injuries. Furthermore, testimony by two of the witnesses as to plaintiff's complaints about her back and neck was not objectionable hearsay.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 1 October 1979 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 27 August 1980.

This action arises out of a claim for injuries sustained by plaintiff when her car was struck by a vehicle operated by defendant on 14 March 1975. The jury answered the issue of defendant's negligence in favor of plaintiff and awarded damages in the amount of $950.00.

*Ottway Burton, for plaintiff appellant.*

*Gavin and Pugh, by W. Ed Gavin, for defendant appellee.*

VAUGHN, Judge.

Plaintiff assigns as error the refusal of the trial court to let the jury hear testimony of three witnesses respecting their observations with reference to plaintiff's pain and suffering. We must note at the outset that one of defendant's exceptions to the record on appeal was that plaintiff simply photographed pages 43-57 of the court reporter's transcript without narrating the proceedings which led up to the court's ruling on these witnesses' testimony. The trial judge sustained this exception to the record. Thereafter, plaintiff did not go back and narrate the proceedings for the record but simply drew a line through the pages with the notation "omit." The questions and answers preceding the judge's rulings on the admissibility of the testi-

mony, therefore, are not a part of the record as certified to us. The record on appeal, however, does reveal that as soon as plaintiff rested her case the following took place.

COURT: Just stay there ma'am. Members of the jury, at this time I have three witnesses who will — as the attorney has indicated, he wants the answers that they would have answered put — placed in the record which cannot be in your presence. I'm going to have this done at this time and allow you to take a recess while we are doing that.

. . .

NOTE: The jury leaves the courtroom.

. . .

LINDA SMITH

COURT: Let the record show that the jury is out. Ms. Smith, in answer to the question of Mr. Burton, describe the plaintiff's condition relative to injuries she received in the accident between March the 14th, '75, and July the 2nd, '75.

A. Well, she was in pain with her back and her neck.

MR. BURTON: I didn't hear her.

COURT: She said she was in pain in her back and neck. All right. The same question, but for the period July the 2nd, '75, until October of '75 when you moved away.

A. That was after the accident, right? The other was before. Did I get the dates mixed up?

COURT: The first question was from the date of the accident until July the 2nd, '75.

A. That was after the accident. She complained then and after.

COURT: The second one was from the time the doctor told her she could go back to work, July the 2nd, until you moved away. You moved away in September or October of '75.

A. She still complained with her neck and her back.

COURT: Thank you. You may step down.

- - -

HETTIE YORK JENKINS

COURT: Ms. Jenkins, would you come back to the stand, please, ma'am.

HETTIE YORK JENKINS returned to the witness stand.

COURT: This is for the record. Describe Judy Jenkins Robert's mental and physical condition from the period March the 14th, '75, until July the 2nd, '75.

A. Well, she was real nervous and she did complain with her back and her neck all of the time just about.

COURT: All right. Now, the same question but for the period July the 2nd, '75, until April of '76.

A. She got better, but she still complained.

MR. BURTON: What?

A. She got better but she still complained with it, especially her back.

COURT: You may step down. Thank you, ma'am.

COURT: Mr. Roberts, would you return to the stand.

ALLEN THOMAS ROBERTS returns to the witness stand.

Roberts v. Edwards

COURT: Mr. Roberts, state the condition of her back and neck from the date of the wreck until the marriage.

A. She appeared to be in pain.

Q. And state the condition of her back and neck after the marriage?

A. She continues to —

COURT: From the time of the marriage until now.

A. She continues to appear to have neck and back pain.

COURT: Thank you. You may step down.

Plaintiff submits it was prejudicial error requiring a new trial for the trial court to exclude the foregoing testimony because it "cut the heart out of the case concerning the pain and suffering." We agree that the jury should have been allowed to hear the testimony of these three witnesses. Their testimony was relevant to the issue of the existence and extent of plaintiff's pain and suffering. Hettie York Jenkins is plaintiff's mother, and Allen Thomas Roberts is plaintiff's husband. Surely, they had the necessary opportunity to form an opinion about the condition of plaintiff's health after the accident. *Kenney v. Kenney*, 15 N.C. App. 665, 190 S.E. 2d 650 (1972).

The state of a person's mental and physical health, as derived from mere observation, is a proper subject for opinion testimony by a nonexpert. *Sherrill v. Telegraph* Co., 117 N.C. 353, 23 S.E. 277 (1895); Stansbury, N.C. Evidence 2d, § 129. Testimony similar to that excluded in this case was allowed in the leading cases of *Pridgen v. Produce Co.*, 199 N.C. 560, 155 S.E. 247 (1930) (husband testified to the fact and extent of his wife's suffering) and *Gasque v. Asheville*, 207 N.C. 821, 178 S.E. 848 (1935) (wife described husband's condition in detail and testified that "[h]e suffered pain and his condition was nervous."). In addition, two recent opinions of this Court provide compelling authority that the testimony of the witnesses de-

scribing plaintiff's physical and mental condition should have been admitted.

In *Rector v. James*, 41 N.C. App. 267, 254 S.E. 2d 633 (1979), plaintiff's son was allowed to testify as to the pain she suffered in the hospital and later at home. The Court overruled an objection that the testimony was hearsay, incompetent and prejudicial because the pain of his mother was not within the son's realm of knowledge. The Court responded:

> The witness testified as to what he observed and heard, and formed the opinion that his mother was in pain. Pain is a mental condition that may be the result of physical injury. It is often manifested in the actions, statements, utterances and behavior of the injured person which may be observed by another. The witness had reasonable opportunities to observe his mother at the hospital and at home, and to form an opinion concerning her pain and suffering. *We hold a non-expert witness may testify as to pain suffered by another, based upon his personal observation.*

41 N.C. App. at 269-270, 254 S.E. 2d at 636 (emphasis added).

In *Hedrick v. Southland Corp.*, plaintiff's children were permitted to testify that she had a back problem (degenerative disc) and that her ankles would swell. 41 N.C. App. 431, 255 S.E. 2d 198, *cert. denied*, 298 N.C. 296, 259 S.E. 2d 912 (1979). In the case at bar, the witnesses were prepared to describe plaintiff's physical condition with regard to her back and neck injuries. Such injuries are not normally visibly susceptible to the eyes of others; however, the type of injury should not preclude testimony on the state of a person's physical condition. *Hedrick, supra.*

The testimony of Hettie York Jenkins and Linda Smith as to what plaintiff said about her physical condition, i.e., complaints about her back and neck, was not objectionable hearsay. Statements as to then existing pain or other physical discomfort, though hearsay, are admissible whenever the physical condition of the declarant is relevant. *Munden v. Insurance Co.,*

213 N.C. 504, 196 S.E. 872 (1938); Stansbury, N.C. Evidence 2d, §
161; 6 Wigmore, Evidence § 1718 (Chadbourn rev. 1976). Anyone
who hears a declaration of pain or present physical condition
may testify to it. *Potts v. Howser*, 274 N.C. 49, 161 S.E. 2d 737
(1968); *Inman v. Harper*, 2 N.C. App. 103, 162 S.E. 2d 629 (1968).

Plaintiff's assignments of error numbers 1, 5, 6, 7, 10, 11 and
12 are totally lacking in merit and are expressly overruled. In
light of our disposition of this case, it is not necessary to consid-
er the remaining assignments of error. Although the error in
excluding the witnesses' testimony relates to the damages
issue, in our discretion, we order a new trial on all the issues.
*Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974); *Lum-
ber Co. v. Branch*, 158 N.C. 251, 73 S.E. 164 (1911).

New trial.

Judges MARTIN (Robert M.) and WEBB concur.